UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Delaney Rae McIntyre, | Case No. 21-cv-2182 (WMW/LIB) |
| Petitioner, | |
| v. | **TEMPORARY RESTRAINING ORDER** |
| Tommy Pharr Smith, III, and Shemekia Jackson, | |
| Respondents. | |

Before this Court is Petitioner Delaney Rae McIntyre's *ex parte* motion for a temporary restraining order and expedited hearing. (Dkt. 6.) McIntyre alleges that Respondents Tommy Pharr Smith, III, and Shemekia Jackson, Smith's girlfriend, unlawfully removed N.G.F.S., McIntyre and Smith's biological child, from McIntyre's custody in violation of the Hague Convention. McIntyre asks this Court to issue a warrant for the seizure of N.G.F.S. or, in the alternative, an injunction prohibiting Respondents from removing N.G.F.S. from the state of Minnesota until the dispute is resolved. McIntyre also requests an expedited hearing on the merits.

## BACKGROUND

On October 5, 2021, McIntyre filed a verified petition against Respondents pursuant to the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.* The petition alleges that Respondents have wrongfully refused to return custody of N.G.F.S. to McIntyre, who has had custody of the child in Manitoba, Canada, since N.G.F.S.'s birth. McIntyre

contends that the child is a citizen of Canada, not the United States, and Respondents and the child are currently residing in Minnesota.

McIntyre now moves for an *ex parte* temporary restraining order, including several forms of relief. McIntyre seeks a warrant for the seizure of N.G.F.S. and an order granting McIntyre physical custody of N.F.G.S. in Canada during the pendency of the proceedings. McIntyre alternatively requests an injunction preventing Respondents from removing the child from Minnesota while this matter is pending. McIntyre also seeks a stay of any custody proceedings in other courts in accordance with Article 16 of the Hague Convention.

## ANALYSIS

Federal Rule of Civil Procedure 65(b) authorizes a district court to grant injunctive relief in the form of a temporary restraining order. When determining whether a temporary restraining order is warranted, a district court considers four factors: (1) the movant's likelihood of success on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between the harm to the movant and the injury that granting an injunction will inflict on other parties to the litigation, and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Preliminary injunctive relief is an extraordinary remedy that is never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The purpose of a temporary restraining order is to maintain the status quo. *Kelley v. First Westroads Bank*, 840 F.2d 554, 558 (8th Cir. 1988). The burden rests with the moving party to establish that injunctive relief should be granted. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

A district court may issue a temporary restraining order without written or oral notice to the adverse party if specific facts in a verified complaint "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

**I.      Likelihood of Success on the Merits**

The first *Dataphase* factor is the movant's likelihood of success on the merits. *Dataphase*, 640 F.2d at 114.  A party seeking a temporary restraining order must demonstrate a likelihood of success on the merits. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

This case is governed by the Hague Convention on the Civil Aspects of International Child Abduction (Hague Convention), Oct. 25, 1980, T.I.A.S. No. 11670, the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001 *et seq.* and the Minnesota Uniform Child Custody and Jurisdiction and Enforcement Act (UCCJEA), Minn. Stat. § 518D.101 *et seq*.  Both Canada and the United States have ratified the Hague Convention. *Status Table*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=24 (last updated July 19, 2019).

The objectives of the Hague Convention are "to secure the prompt return of children wrongfully removed to or retained in any Contracting State" and to ensure that Contracting States respect custody determinations made by other Contracting States.  Hague

Convention, art. 1. A parent seeking the return of a child may file a petition in federal court. 22 U.S.C § 9003(a), (b). It is the petitioner's burden to prove that the child has been wrongfully removed under the Hague Convention. *Id.* § 9003(e)(1)(A). "The key inquiry under the [Hague] Convention is whether a child has been wrongfully removed from the country of its habitual residence or wrongfully retained in a country other than that of its habitual residence." *Barzilay v. Barzilay*, 536 F.3d 844, 847 (8th Cir. 2008).

> The removal or the retention of a child is to be considered wrongful where—
>
> > [a] it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
> >
> > [b] at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

Hague Convention art. 3. A district court may not decide a custody proceeding on the merits "until it has been determined that the child is not to be returned under this Convention." Hague Convention art. 16.

A court may take measures under Federal or State law to protect the well-being of a child or to prevent the child's "removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a). In doing so, the court must ensure that the measures taken satisfy the applicable requirements of state law. *Id.* § 9004(b). Under Minnesota law, a court may issue a warrant to take physical custody of a child "if the child is immediately likely to suffer serious physical harm or be removed from this state." Minn. Stat. §

518D.311(a). Minnesota law also authorizes a court to "impose conditions upon placement of a child to ensure the appearance of the child and the child's custodian." Minn. Stat. § 518D.311(f).

Under the applicable provincial law in Manitoba, Canada, when "the parents have never cohabited after the birth of the child, the parent with whom the child resides has sole custody and control of the child." Family Maintenance Act, R.S.M. 2021, c. F20, s. 39(1) (Can. Man.). McIntyre alleges that the parties do not have a custody agreement and the child has lived with McIntyre in Manitoba, Canada, since birth. McIntyre also alleges that she exercised her custody rights until Respondents impermissibly retained custody of the child. Because McIntyre had custody under Canadian law, Respondents' retention of the child likely was wrongful under the Hague Convention. For these reasons, the Court concludes that McIntyre has established a likelihood of success on the merits.

## II.     Irreparable Harm

To establish the need for injunctive relief because of irreparable harm, the movant "must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising., Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (internal quotation marks omitted); *accord Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015). A mere "possibility of harm" is insufficient. *Roudachevski v. All-American Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). Issuing preliminary injunctive relief "based only on a possibility of irreparable harm is inconsistent with [the United States Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

McIntyre argues that she will suffer irreparable harm because she has lost custody and contact with her child. McIntyre alleges that Smith's girlfriend, Jackson, took the child out of Minnesota after Smith retained custody of the child after the date on which Smith had agreed to return the child to McIntyre. Absent injunctive relief, McIntyre argues, Respondents pose a risk of fleeing and concealing the child again. McIntyre alleges that the child has missed the start of kindergarten in Canada and, prior to the child's removal, the child had neither attended school nor received medical care in Minnesota.

McIntyre also contends that Respondents are likely to remove the child from Minnesota after Respondents are notified of McIntyre's intent to seek a temporary restraining order. In support of this argument, McIntyre asserts that Jackson took the child to Tennessee temporarily in August 2021. Although the Court cannot conclusively determine that Jackson's prior departure from Minnesota with the child was an attempt to flee the jurisdiction with the child, it is clear from Respondents' actions that Respondents are willing and able to leave the jurisdiction with the child despite the pending dispute. Notice of the filing of McIntyre's petition with this Court could prompt Respondents to flee the jurisdiction of this Court. This possibility justifies an *ex parte* order. The Court concludes that a real and immediate threat of irreparable harm to McIntyre exists, which justifies an *ex parte* temporary restraining order.

### III. Balance of Harms

The third *Dataphase* factor the Court considers is the balance of harms to the parties. *Dataphase*, 640 F.2d at 114. McIntyre contends that she will suffer substantial harm if Respondents take the child to a different state because McIntyre might not be able to locate the child and pursue legal action in a new jurisdiction due to her limited financial resources. McIntyre alleges that Respondents would suffer minimal harm if required to either return the child or remain in Minnesota. McIntyre maintains that she has permitted Smith to visit the child, involved Smith in parental decision-making and never concealed the child from Smith. Therefore, McIntyre argues, Smith's parental rights would be minimally burdened by an injunction preventing Smith and Jackson from leaving Minnesota with the child pending the resolution of the dispute. The Court finds that issuing a temporary restraining order preventing Respondents from leaving the jurisdiction with the child does not impose a significant hardship on Respondents. *See, e.g.*, *Morgan v. Morgan*, 289 F. Supp. 2d 1067, 1070 (N.D. Iowa 2003) (enjoining a parent allegedly in violation of the Hague Convention from leaving the jurisdiction with the child). For these reasons, the Court concludes that the balance of harms weighs in favor of granting McIntyre a temporary restraining order.

### IV. Public Interest

The fourth *Dataphase* factor this Court considers when determining whether to issue a temporary restraining order is the public interest. *Dataphase*, 640 F.2d at 114. McIntyre argues that the public interest weighs in favor of returning the child to her, the child's primary caregiver. McIntyre emphasizes that although she has never withheld or concealed the child from Smith, Smith has failed to disclose the child's whereabouts on multiple

occasions since Respondents failed to return the child to McIntyre. McIntyre requests either an order authorizing the seizure of the child or an order enjoining Respondents from removing the child from Minnesota.

The public interest is best served by enjoining Respondents from leaving Minnesota with the child during the pendency of these proceedings. An injunction preventing Respondents from leaving Minnesota with the child is the less drastic alternative and maintains the status quo. *See, e.g.*, *Morgan*, 289 F. Supp. 2d at 1070. The Court, therefore, finds that issuing a temporary restraining order preventing Respondents from leaving Minnesota with the child is in the public interest.

### V.     Security Bond

Having concluded that a temporary restraining order is warranted, the Court next considers whether requiring McIntyre to post a bond as security is warranted.

A district court must expressly consider whether to require a bond, but the court is not required to impose one in any particular amount. *See Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989). Rule 65(c) of the Federal Rules of Civil Procedure provides:

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

Fed. R. Civ. P. 65(c). While a district court has broad discretion in setting a bond, a district court may not act with an improper purpose, fail to require an adequate bond, or fail to make the necessary findings in support of its decision. *See Hill v. Xyquad, Inc.*, 939 F.2d

8

627, 632 (8th Cir. 1991).  A bond to secure injunctive relief "is a security device, not a limit on the damages the . . . defendants may obtain against [the plaintiff] if the facts warrant such an award."  *Minn. Mining & Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1309 (8th Cir. 1997).

The Court has no reason to believe that a temporary restraining order enjoining Respondents from leaving Minnesota with the child will cause Respondents any financial harm.  Accordingly, the Court waives the bond requirement in this case.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Delaney Rae McIntyre's Ex Parte Motion for Accelerated Hearing and Request for Temporary Restraining Order, (Dkt. 6), is **GRANTED** as follows:

1. Respondents shall not remove N.G.F.S. from the jurisdiction of this Court while this matter is pending, 22 U.S.C. § 9004(a).

2. Any proceedings that are pending within the United States regarding custody and care of N.G.F.S. shall be stayed, pursuant to Article 16 of the Hague Convention.

3. Respondents shall appear with N.G.F.S. before this Court on October 20, 2021, at 1:00 p.m. in Courtroom 7A of the United States District Court for the District of Minnesota, located at 316 North Robert Street, Saint Paul, Minnesota 55101.  The initial appearance shall be considered an initial show-cause hearing and scheduling hearing, so that Respondents can confirm to the Court that N.G.F.S. is physically located within the

jurisdiction of this Court and so that a date may be set for an expedited evidentiary hearing on the merits of the petition for the return of the child to Petitioner.

4.     If Respondents either fail to appear on October 20, 2021, at 1:00 p.m. with N.G.F.S. or remove N.G.F.S. from the jurisdiction of this Court, the Court shall issue a warrant for Respondents' arrest and require them to appear for a contempt hearing.

5.     Petitioner shall immediately serve a copy of this Order and a copy of the verified petition and accompanying exhibits upon Respondents.

6.     This temporary restraining order shall expire 14 days from the date it is issued, unless the order is extended by the Court for good cause shown.


Dated:  October 7, 2021                                      s/Wilhelmina M. Wright
                                                             Wilhelmina M. Wright
                                                             United States District Judge